IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      Plaintiff-Respondent,

vs.                                                         Civ. No. 05-693 MV/ACT

**MARK VINICIO DUARTE,**

      Defendant-Movant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court pursuant to 28 U.S.C. § 2241. Petitioner ("Duarte") has filed a "Motion to Review the IJ's Abuse of Discretion, Pursuant 212(c) Relief by a Federal Prisoner" on June 20, 2005. Docket No. 1. The District Judge referred this matter for proposed findings and recommended disposition, and hearing if necessary. Docket No. 7. Having reviewed the pleadings and relevant law, and being otherwise fully advised, the Court finds that a hearing is not necessary and the Motion should be denied.

**PROPOSED FINDINGS**

Factual and procedural background.

      1.      Duarte is a native and citizen of Guatemala.[1] On July 25, 1996, Duarte pled guilty and was adjudged guilty in the United States District Court for the Southern District of Illinois of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 42 U.S.C. § 846.

---

[1] The certified Administrative Record is on file with the Ninth Circuit Court of Appeals and a copy was not provided to the Court. Duarte filed a "response" to the Government's response and did not dispute the facts asserted by the Government.

Duarte was served with a Notice to Appear by the Immigration and Naturalization Service on December 9, 1998. The Notice stated that Duarte was removable under Immigration and Naturalization Act § 237(a)(2)(A)(iii) & (B)(i) because of his 1996 conviction.

2. On July 17, 1999 Duarte appeared before an immigration judge ("IJ"). Duarte admitted he was subject to removal because he had been convicted of a controlled substance violation and an aggravated felony. However, he requested protection from removal under the Convention Against Torture. On September 21, 1999, the IJ found Duarte removable and denied his request for protection from removal under the Convention Against Torture. The IJ also determined that Duarte was not eligible for a waiver from removal under the former INA § 212(c), 8 U.S.C. § 1182(c).

3. Duarte filed an appeal with the Board of Immigration Appeals ("BIA"). On April 10, 2000 the BIA dismissed his appeal because he failed to established eligibility for protection under the Convention Against Torture. The BIA also found that Duarte was not eligible for relief from the former INA § 212 (c) because he was convicted of an aggravated felony.

4. Duarte appealed this decision to the United States District Court for the District of Arizona on April 5, 2001. On March 29, 2002, the court ruled that the BIA erred in finding that Duarte could not apply for discretionary relief under § 212(c). The case was thus remanded to the IJ for a hearing on Duarte's eligibility for relief under § 212(c).

5. On remand the IJ found that he was not eligible for § 212(c) relief. Duarte again appealed to the BIA. The BIA affirmed the IJ's decision without opinion. Duarte then appealed to the Ninth Circuit Court of Appeals. On December 6, 2004, the Ninth Circuit dismissed the appeal finding that it lacked jurisdiction under 8 U.S.C. § 1252(a)(C). *Duarte v. Ashcroft*, 114 Fed. Appx.

956, 957 (9th Cir. 2004).

6.     Duarte is presently incarcerated in Cibola County Correctional Center which is within the jurisdiction of the U.S. District Court for the District of New Mexico.

<u>Legal analysis</u>.

7.     On May 11, 2005, the President signed into law H.R. 1268, an "Act Making Emergency Supplemental Appropriations for Defense, the Global War on Terror, and Tsunami Relief, for the fiscal year ending September 30, 2005." Pub.L.No. 109-13, 119 Stat. 231 (May 11, 2005) ("the Act"). Part of this legislation is known as the "Real ID Act of 2005" (formerly H.R. 419). The Act removes jurisdiction of the district courts to review any final order of removal as a result of being convicted of an aggravated felony:

> ...no court shall have jurisdiction to review an final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(III),(B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i)of this title.
> Real ID Act, § 106; 8 U.S.C. 1252(a)(2)(C).

8.     It is not disputed that Duarte was convicted of an aggravated felony. Motion, p. 2. His claim, at least in part, is a claim to review the basis for his final order of removal. As his removal is based on a conviction for an aggravated felony, the Court does not have jurisdiction to review this final order.

9.     This Court does not have jurisdiction to review any remaining claims in the Motion. The Act also amends 8 U.S.C. § 1252 and transfers jurisdiction from the district court to the appropriate court of appeals to review removal decisions:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation

> or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which the petition for review could have been properly filed...

Real ID Act, § 106.

10.     To the extent that Duarte claims that the Ninth Circuit failed to address his retroactivity or due process arguments, such claims must be raised with the appropriate court of appeals. 8 U.S.C. § 1227(a)(2)(D). The proper court of appeals is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1227(b)(2). The record before the Court indicates that the removal order originated in the Ninth Circuit. Thus these claims must be transferred to the Ninth Circuit.

## **RECOMMENDED DISPOSITION**

I recommend that Duarte's claim to review the basis for his final order of removal be dismissed. I further recommend that any remaining claims by Duarte be transferred to the Ninth Circuit Court of Appeals.

Timely objections to the forgoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and Recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and Recommendations. If no objections are filed, no appellate review will be allowed.

                                                    **ALAN C. TORGERSON**
                                                    **UNITED STATES MAGISTRATE JUDGE**